**In re Edwin W. FREE, Jr., Esq.**

[640 A.2d 22]

No. 93-532

January 7, 1994. Pursuant to the recommendation of the Professional Conduct Board filed November 8, 1993, and approval thereof, it is hereby ordered that Edwin W. Free, Jr., Esq., be publicly reprimanded for the reasons set forth in the Board's Notice of Decision attached hereto for publication as part of the order of this Court. A.O. 9, Rule 8E.

This matter came before the Professional Conduct Board by way of a stipulation between bar counsel, Shelley A. Hill, and respondent, Edwin W. Free, Jr. Respondent waived his procedural rights under Administrative Order 9, including the right to contest the sanction recommended by the Board.

Based upon the stipulated facts, the Board makes the following findings of fact and conclusions of law. For the reasons set forth below, it recommends to the Supreme Court that respondent be publicly reprimanded.

## FACTS

1. Respondent, Edwin W. Free, Jr., Esq., was admitted to the Vermont bar on May 3, 1960.

2. Mr. Free represented Denis A. Roy in 1987 in a divorce action brought by the complainant, Helen Roy. While the divorce was pending, on December 31, 1986, the Roys entered into a stock purchase agreement with a third party. The Roys sold to the buyers 16 shares of stock they owned in Peerless Granite Co. for $670,000. The purchase arrangement had several components—cash, discharge of an existing mortgage and two promissory notes. Mr. Roy held one of the notes and secured it with a second mortgage on Peerless Granite real estate and corporate property. Mr. and Mrs. Roy jointly held the other promissory note.

3. On the same date the Roys entered into the stock purchase agreement, Mrs. Roy took a year-end bonus from Peerless Granite of $20,000. The buyers were not informed of the bonus and did not discover it prior to the January 30, 1987 closing. When the buyers discovered the bonus to Mrs. Roy, they withheld $20,000 from the final payment on what was later determined to be the jointly-held note.

4. The Roys' final order of divorce, dated July 22, 1987, provided in part:

11. The right to seek collection of $20,000 that is in dispute between Peerless Granite Company and the parties hereto is awarded to Denis A. Roy. Helen C. Roy is ordered to cooperate with Denis A. Roy if she is requested to do so in his collection efforts, provided, however, that Helen C. Roy shall be awarded one-fourth of any such recovery after the payment of attorney fees and costs.

5. In May 1991, Mr. Free began the document preparation for the collection of the $20,000. The jointly-held note was made payable to Peerless Granite, Denis A. Roy and Helen C. Roy. When Mr. Free met with the Roys to discuss the lawsuit, no mention was made of the provisions in paragraph 11 of the divorce order. Mr. Free did not recall the relevant provision of the divorce order and brought the action against the buyers in the names of the payees on the note—including Mrs. Roy, even though he did not represent her.

6. In July 1991, the buyers filed an answer and counterclaim against all the plaintiffs. In April 1992, Mr. Free amended the complaint, again reflecting Helen Roy as a plaintiff.

7. The buyers noticed Mrs. Roy's deposition for April 30, 1992. At Mr. Free's request, Mrs. Roy went into his office to review Mr. Roy's deposition on April 29. When she saw the document, she asked why she was a named plaintiff. She then reminded Mr. Free of paragraph 11 of the final divorce order and informed him that he had no authority to bring suit on her behalf. She further informed Mr. Free that, although she had no objection to being a witness, she did not want to be a plaintiff and would not attend the deposition.

8. Mr. Free told her he would try to have her removed as a plaintiff but, regardless of his success, the defendants would bring her in on their counterclaim. Mrs. Roy then told Mr. Free she would get in touch with her own attorney, Rusty Valsangiacomo.

9. Upon receipt of a letter from Mrs. Roy, dated April 30, 1992, Mr. Valsangiacomo called Mr. Free to ascertain what was happening. Mr. Free reiterated that he would get Mrs. Roy's name dropped from the lawsuit.

10. Mr. Free was unable to remove Mrs. Roy as a plaintiff.

11. On June 18, 1992, Mr. Free called Mrs. Roy at work to again request her attendance at a deposition. Mr. Free did not have authority from Mr. Valsangiacomo to contact his client directly. Mrs. Roy told Mr. Free to contact Mr. Valsangiacomo, which he did.

12. During this conversation, Mr. Valsangiacomo learned of the counterclaim against Mrs. Roy. He asked Mr. Free for a copy of the file. Upon reviewing it, Mr. Valsangiacomo realized that Mrs. Roy would have to remain a party. He also discovered that Mr. Free had not filed answers to the counterclaim, despite two motions for default judgments for failure to answer. The judge had threatened, although not ordered, penalties of approximately $100 per day until the answers had been filed.

13. Mr. Free again called Mrs. Roy on July 30, 1992 at work and asked that she come to his office to clarify some issues. She refused but agreed to answer his questions over the telephone. Mr. Valsangiacomo was on vacation and had not authorized Mr. Free to contact his client.

14. Trial on the matter was in August 1992. Judgment was for the Roys in the amount of $20,000 (plus statutory interest), but did not include attorneys' fees. The buyers appealed. The Roys appealed the denial of attorneys' fees. The case is presently pending before the Supreme Court.

15. There was no injury to Mrs. Roy. She would have been joined as a necessary party by the defendants irrespective of being a named plaintiff. She recovered at trial and may be awarded attorney's fees by the Supreme Court.

## CONCLUSIONS OF LAW

By instituting a lawsuit partially in the name of Helen C. Roy, without any authority to do so, respondent misrepresented to the court and the opposing litigants that he represented Mrs. Roy, in violation of DR 1-102(A)(4) (a lawyer shall not engage in conduct involving misrepresentation).

Respondent knew as of the April or May 1992 conversation with attorney Valsangiacomo that Mrs. Roy was represented by Mr. Valsangiacomo. By contacting Mrs. Roy on June 18, 1992 and again on July 30, 1992 to discuss the litigation, respondent violated DR 7-104(A)(1) (a lawyer shall not communicate on the subject of the representation with a party he knows to be represented by a lawyer without prior consent of the lawyer).

## RECOMMENDED SANCTION

Respondent here violated his duty to the legal system. Standard 6, ABA Standards for Imposing Lawyer Discipline (1986). He acted knowingly in that he knew he did not represent Mrs. Roy when he filed the lawsuit and he knew Mr. Valsangiacomo represented Mrs. Roy when he contacted her directly. No actual injury occurred, however, either to Mrs. Roy or to the legal proceedings.

In aggravation, the Board notes that respondent has substantial experience in the practice of law. The

most serious aggravating factor, however, is respondent's disciplinary record. In 1975, respondent was privately admonished for neglecting a client's case. PCB 75.21. In 1980, he was privately admonished for neglecting client matters in violation of DR 6-101(A)(2) and (3). PCB File 80.62. More importantly, in 1992, respondent was suspended from the practice of law for six months following conviction for failure to file Vermont income tax returns. He has not applied for readmission and remains suspended.

There are mitigating factors present: Respondent had no dishonest or selfish motive in his actions, was cooperative with the disciplinary proceedings, and has demonstrated remorse for his misconduct.

Bar counsel and respondent have suggested to the Board that a private admonition is appropriate here in accordance with Standards 6.14 and 6.34. Those standards, however, refer to negligent conduct. More importantly, the private admonition suggested by Standards 6.14 and 6.34 is recommended absent aggravating or mitigating factors.

We believe that respondent's extensive experience at the bar and his disciplinary record require more than a private admonition and recommend to the Court that respondent be publicly reprimanded in this case.